**NEIGHBORS v. MITCHELL & BATSON CO.**
(No. 8259.)

Court of Civil Appeals of Texas. San Antonio. Oct. 23, 1929.

Rehearing Denied Dec. 4, 1929.

P. G. Greenwood and W. B. Lewis, both of Harlingen, for appellant.

Carter & Stiernberg, of Harlingen, for appellee.

SMITH, J. T. L. Neighbors owned a tract of land near Harlingen, which he listed for sale with W. A. Mitchell and S. W. Batson, Harlingen real estate brokers doing business at that time under the trade-name of W. A. Mitchell & Co., later changed to Mitchell & Batson Company. The price and terms at which Neighbors was willing to sell, not deemed necessary to set out here, were specified in the listing.

On January 14, 1928, Mitchell, acting for his firm, showed the property to W. C. Stone, a resident of St. Louis, Mo., who agreed to purchase at the list price and terms, provided it should prove agreeable to his wife, who was in St. Louis. A contract of sale was drawn up, and signed by Mitchell & Co., purporting to act as agents of Neighbors. Stone took this contract and went on to St. Louis to submit the matter to his wife for approval. On January 18, Stone, from St. Louis, telegraphed the brokers that he wanted the property, if it was still available. Upon receipt of this message, Mitchell, one of the brokers, informed Neighbors that he had a prospective purchaser for the property, and asked for 48 hours in which to close the deal, to which Neighbors assented. The next day Stone telegraphed Mitchell that he had mailed the contract to the latter, together with a sum stipulated in that contract as earnest money. This contract, duly executed by Stone, together with Stone's personal check on a St. Louis bank for the amount of the earnest money, and payable to Mitchell, was received by the latter on January 23, and Mitchell deposited the check in a local bank, to his credit. In the meantime, on January 21, Neighbors had sold the property to another for $5,000 more than Stone was to pay. Mitchell and his partner then brought this suit against Neighbors for their commission. The trial court directed a verdict in favor of the brokers for the amount of the commission claimed, and, from an appropriate judgment thereon, Neighbors has appealed.

■ The appeal is determinable upon the question of the propriety of the directed verdict. If there was a conflict in the evidence upon any material issue in the case, then the trial court erred, of course, in directing a verdict.

■ It seems to be conceded that the property was listed with appellees subject to prior sale. So is it conceded that on Wednesday, January 18, appellant gave appellees an option of 48 hours in which to effectuate the

1080

sale to Stone. The terms of this option, however, are in dispute. Appellant testified, in effect, that on Wednesday, when he gave appellees the option to sell within 48 hours, it was upon the further condition that a money deposit should be made within the .option period; that appellant had another offer for the land, and would accept that offer if appellees did not close up with Stone and procure a money deposit from the latter within that period, and that he apprised appellees of these facts; that appellees were to submit a written contract for him to execute in consummation of the deal, and procure a money deposit within the 48 hours as a condition of the option; that appellees failed to present that contract or secure the deposit within the stipulated period, or until 72 hours after the expiration of that period; that the period of the option having expired, and having heard nothing further from appellees, appellant sold the property to his other prospect, on Saturday, January 21. It was not until two days later that Stone's deposit and proffered contract to purchase were received by appellees at Harlingen. We are of the opinion that this testimony, opposed to appellees' testimony to the contrary, presented an issue of fact as to whether or not the conditions of the option were met by appellees so as to entitle them to a commission as if the sale had been fully consummated. Appellant was entitled to a submission of this issue to the jury, and therefore the court erred in directing a verdict.

The judgment is reversed, and the cause remanded.